OPINION
On October 7, 1999, Newark Police Officer Ray Lewis observed appellant, Charles Roe, run a red light. Patrolman Lewis proceeded to follow appellant. Patrolman Lewis observed appellant swerve beyond the marked lanes of traffic. Patrolman Lewis stopped appellant. Appellant performed a breath test the result of which was .182. As a result, appellant was cited for driving under the influence of alcohol in violation of Newark City Ordinance 434.01, violating a traffic control device in violation of Newark City Ordinance 414.01 and violating the marked lanes of traffic in violation of Newark City Ordinance 432.01.
On November 4, 1999, appellant filed a motion to suppress claiming he did not run the red light, therefore, there was no basis for the stop. A hearing was held on November 19, 1999. By judgment entry filed November 22, 1999, the trial court denied said motion.
A trial was scheduled for December 6, 1999. On the morning of trial, appellant requested a continuance to develop newly discovered evidence. The trial court denied the request. Thereafter, appellant pled no contest. By judgment entry filed December 6, 1999, the trial court found appellant guilty and sentenced him to thirty days in jail, twenty-seven days suspended, and imposed a $300 fine plus court costs.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO CONTINUE.
 II THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO SUPPRESS.
Appellant claims the trial court erred in denying his request for a continuance. We disagree.
The granting or denial of a continuance rests in the sound discretion of the trial court. State v. Unger(1981), 67 Ohio St.2d 65
. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore V. Blakemore
(1983), 5 Ohio St.3d 217.
Appellant requested a continuance en the morning of trial. The reason for the request was to subpoena a witness who was a passenger in appellant's vehicle at the time of the stop. The witness would have testified "that Mr. Roe did not in fact fail to stop at the red light," the very issue that had been reviewed at the suppression hearing some seventeen days prior. December 6, 1999 T. at 2. The trial court denied the request stating the following:
 Alright, thank you, Mr. Stokes. And as I indicated, I'll deny that motion. You know, there has to be some finality to this and as I recall we did have a suppression hearing and you ably represented Mr. Roe at that hearing. The Prosecutor presented evidence that convinced me that there was probable cause for the stop to be made. So your motion for a continuance will be denied.
 Id.
The witness was a passenger in appellant's vehicle and was clearly known to appellant prior to the suppression hearing. There can be no claim of "surprise" by appellant that he had a witness. The request for a continuance in effect was a request to reopen the suppression motion and reconsider the denial. There is no such creature as a "motion to reconsider" in the municipal courts. Pitts v. Dept. ofTransportation (1981), 67 Ohio St.2d 378. We concur with the trial court's statement that there must be "some finality" to proceedings.
Upon review, we find the trial court did not abuse its discretion in denying appellant's request for a continuance.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying his motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486;State v. Guysinger(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Cury (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger.
The thrust of appellant's argument was that Patrolman Lewis did not have articulable facts giving rise to a reasonable suspicion that appellant was engaging in criminal activity. See, Terry v. Ohio
(1968), 392 U.S. 1.
In its judgment entry filed November 22, 1999, the trial court based his finding of reasonable suspicion on the following facts:
 He [Patrolman Lewis testified "not in the early morning hours he observed the Defendant approach the red light controlling that intersection and without hesitation the officer stated the Defendant went through the red light as he initiated his turn onto Cedar Street. The officer then followed the Defendant onto State Route 16 where he observed the Defendant weaving in a construction zone and at the conclusion of the construction zone the officer pulled the Defendant over. The officer testified the reason he waited as long as he did to pull the Defendant over was that he did not feel it was safe for the Defendant or him to pull the Defendant over in the construction zone.
The trial court further stated "the testimony of the officer is more credible and believable than the testimony of the Defendant."
During the suppression hearing, Patrolman Lewis testified he was able to verify the traffic light in question on the evening of appellant's stop corresponded in their signals going both east and west. November 19, 1999 T. at 4. Patrolman Lewis was on the southwest corner of the intersection with a view of westbound traffic. Id. at 3-4. Patrolman Lewis testified he observed appellant make a right hand turn on red without stopping. Id. at 5. Patrolman Lewis estimated appellant slowed to about ten to fifteen miles per hour to negotiate the turn. Id. at 7. Patrolman Lewis followed appellant through a construction zone on State Route 16 and observed appellant "weaving several times." Id. at 5. Even though there was heavy construction along appellant's route, he had "a full lane of travel." Id. at 12.
Appellant testified he made a complete stop at the red light before turning right on red. Id. at 15. Appellant stated he swerved on State Route 16 on two occasions to avoid hitting construction pylons. Id. at 16.
The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. Based upon the testimony of Patrolman Lewis believed by the trial court, we find appellant's actions justified a Terry stop.
Assignment of Error II is denied.
The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
 ____________________________ Farmer, J.
Hoffman, P.J. and Wise, J. concur.